By the COURT.
Hoffman, J.
TRe case comes up on a judgment entered upon tRe report of a referee, and an appeal from sucR judgment. TRe complaint in tRe original action was dismissed witR costs to tRe defendant, and relief as sougRt Ry tRe cross action was adjudged, witR some variations, not important to Re noticed.
TRe complaint in tRe first suit was Ry tRe purcRasers ■under a written contract for tRe purcRase of .real estate, in order to oRtain tRe rescission of tRe contract, tRe repayment of tRe money deposited, tRe expenses for examining tRe title, and a certain sum for damages. TRis complaint proceeded on tRe ground tRat tRe defendants in tRat action could not fulfil tReir agreement.
TRe cross or second action was RrougRt Ry tRe vendors, in order to compel tRe specific execution of tRe contract.
TRe case, tRen, is one of a purely equitaRle cRaracter, and is to Re governed Ry tRe rules wMcR prevailed in a Court of CRan-cery up oil tRis suRject. We do not, tRerefore, enter upon tRe consideration of tRe point principally argued Ry tRe counsel of tRe appellants, as to tRe effect in a court of law of tRe covenant in tRo articles of agreement, tRat tRe “vendor would execute and deliver a full warranty deed for tRe premises.” We content ourselves witR noticing tRe leading case of Parker v. Parmele (20 *94 Johnson’s Rep. 130.) In that the previous cases were reviewed, and it was held, that a covenant “ to execute a good warranty deed of conveyance of the premises,” would he fulfilled by tender of such a deed, and that want of title was not a good plea. But the learned Chief Justice twice alludes to, and admits the existence of, a different rule in a court of Chancery, and allows that the party would have a remedy there, when its power was invoked to enforce the specific execution of his contract.
I take it to be a settled, as well as most salutary rule of that court, that either under a contract general in its terms, to sell and convey land, or accompanied with any stipulations as to the covenants and nature of the deed to be given, or title to he made, the purchaser may insist upon a good, valid, unincumbered title. This i§ the fixed and general rule; but the same spirit of equity which has dictated it, has established certain exceptions and qualifications.
One of these is, that if the party can obtain substantially the thing for which he contracted — if the deficiency in quantity of the estate, or extent of incumbrance, can be made the subject of compensation — and if such compensation can be given consistently with the conclusion that the purchaser would not have declined the contract, had he known of the deficiency or burden, then the court will enforce it upon him.
The familiar case in the books, is the purchase of a farm by a known name, described as containing one hundred acres, and falling short by two or three acres. The object of the contract was the farm; the deficiency is compensated by a deduction from the purchase money.
This doctrine was carried to an unwarrantable extent in the noted Wharf case, where the real object of the purchase was the wharf, and the purchase of the adjoining parcel was only made as contributory to the full enjoyment of the wharf. But that case is now considered as overruled.
The leading authorities exhibiting the rule, and 'its application to particular cases, are Halsey v. Grant, (13 Vesey, 76;) Magennis v. Fallon, (2 Malloy, 588;) Hill v. Buckley, (17 Vesey, 394;) King v. Bardeau, (6 John. C. R. 38.) Numerous others are referred to by Mr. Sugden in his Treatise on Yendors.
The authorities which more pointedly bear upon the present *95 case in their circumstances are Howland v. Norris, (1 Cox. Cas. 59;) Drew v. Hanson, (6 Vesey, 678;) and Collier v. Jenkins, (1 Young’s Rep. 295.)
In the former there were outgoings from the estate, which were not discovered until after the contract of sale, and performance was decreed with compensation. In the latter, the contract was for an estate in fee simple, free of incumbrances and in possession, and it was ascertained that there was an outstanding life lease at a low rent. Performance was refused.
To apply these authorities. The only objection to the judgment asked is, that there was a mortgage of $1,000 outstanding, not payable until about eighteen months from the date of the contract, without the consent of the holder. Here is a purchase for the sum of $50,000; sixty per cent, of which was to remain on bond and mortgage for the term of ten years. Can it be rationally imagined that if this mortgage and its terms had been fully known at the date of the contract, the purchaser would have refused to enter into it ? This is the strongest form in which the question can be placed in his favor.
In my opinion the case may be decided on this broad ground.
But again, the purchaser, before executing the contract, was apprised that there was a mortgage for $1,000 outstanding, though probably not apprised of its special terms. He had, however, notice sufficient to put him on inquiry, which could at once have been satisfied.
Again, the purchaser, after making the contract, entered into the possession of the premises, and the general rule certainly is, that when the purchaser is aware of objections^ not irremediable, but which may be removed or compensated, his taking the possession, without any agreement with the vendor qualifying the act, operates as a waiver, (1 Sugd. Yendors; p. 10;) and here the referee has found that Guynet and De Agreda exercised acts of ownership over the premises, after they knew of the existence of the mortgage. It is here proper to add, that the offers of Mr. Mantel, the vendor, have been in a high degree fair and liberal, and ought to have been accepted. The judgment appealed from must be affirmed with costs.